IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICK SEAN BUTLER,** : | |
|    **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 19-CV-6131** |
| : | |
| **MIROSLAV DJINDJIEV,** *et al.*, : | |
|    **Defendants.** : | |

## ORDER

AND NOW, this 23RD day of January, 2020, upon consideration of Plaintiff Patrick Sean Butler's Complaint (ECF No. 2), "Letter Request" (ECF No. 4), "Supplemental Brief/Pleading/Attached Exhibits in Support of Plaintiff [sic] Claims" (ECF No. 6), and Prisoner Trust Fund Account Statement (ECF No. 8), it is **ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.    Patrick Sean Butler, #171922, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Lehigh County Jail or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Butler's inmate account; or (b) the average monthly balance in Butler's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Butler's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Butler's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of Lehigh County Jail.

4. The Complaint is **DEEMED** filed.

5. The Clerk of Court is **DIRECTED** to correct the spelling of Defendant Deena Ziemba's name on the docket. The Clerk of Court is further **DIRECTED** to correct the docket to reflect that "The Front Desk Employee of the Knights Inn Hotel located at 1880 Steel Stone Road Hanover Township who worked October 13th-14th (3rd Shift)" is one Defendant, rather than two.

6. The Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

7. Butler may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Butler's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. **When drafting his amended complaint, Butler should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum**. Butler is reminded not to include unrelated claims against unrelated defendants in the same lawsuit. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. The Clerk of Court is **DIRECTED** to send Butler a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Butler may use this form to file his amended complaint if he chooses to do so.

9. If Butler fails to file an amended complaint in accordance with this Order, his case may be dismissed without further notice for failure to prosecute.

10. Butler's "Letter Request," which the Court has treated as a motion for a temporary restraining order or preliminary injunction is **DENIED** for the reasons stated in the Court's Memorandum.

**BY THE COURT:**

JUAN R. SÁNCHEZ, C.J.